**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4805**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUCIANO ARGUETA-ROMERO,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-121)

_____

Submitted: September 29, 2005      Decided: October 5, 2005

_____

Before WILKINSON, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Danielle Bess Obiorah, LAW OFFICES OF DANIELLE BESS OBIORAH, P.C., Charlotte, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Luciano Argueta-Romero appeals from his 78-month sentence entered pursuant to his guilty plea to illegal re-entry by a deported felon. On appeal, Argueta-Romero argues that the district court erred in failing to treat the Sentencing Guidelines as advisory and consider all factors of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), in light of the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

Argueta-Romero did not raise the sentencing issue at trial, thus he must demonstrate plain error. Fed. R. Civ. P. 52(b). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

In United States v. White, 405 F.3d 208 (4th Cir. 2005), this court determined that imposing a sentence under the guidelines

as mandatory was error that was plain. 405 F.3d at 216-17. However, the court in White then discussed the third prong of the plain error analysis. In determining whether an error affected the defendant's substantial rights, the court reasoned that "the error of sentencing a defendant under a mandatory guidelines regime" was not an error for which prejudice would be presumed. Id. at 219-20, 224. Rather, the defendant bears the burden of showing that this error prejudiced him, or "'affected the outcome of the district court proceedings.'" Id. at 223 (quoting Olano, 507 U.S. at 734). In making this determination, the court must consider the standard in Kotteakos v. United States, 328 U.S. 750, 765 (1946): "whether 'after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error.'" White, 405 F.3d at 223 (citations and footnotes omitted). Here, Argueta-Romero provides no non-speculative basis for concluding that the treatment of the Guidelines as mandatory affected the selection of the sentence imposed. The district court did not make any statements indicating that it wished to impose a sentence below the guideline range and in fact discussed that the mid-range sentence was appropriate because Argueta-Romero had been in effect deported twice and that the sentence was fair.

We therefore conclude that Argueta-Romero did not carry his burden and the sentence should be affirmed. Accordingly, we

affirm Argueta-Romero's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED